UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MARIA GUADALUPE RODRIGUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:19-cv-02473-JAR-TJJ |
| | ) | |
| INFUSYSTEM, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## SCHEDULING ORDER

On January 7, 2020, in accordance with Fed. R. Civ. P. 16, the undersigned U.S.

Magistrate Judge, Teresa J. James, conducted a telephone scheduling conference in this case with

the parties. Plaintiff appeared through counsel, Heather J. Hardinger. Defendants appeared

through counsel, Sara E. Welch and Ashley E. Dillon.

After consultation with the parties, the court enters this scheduling order, summarized in

the table that follows:

| MARIA GUADALUPE RODRIGUEZ v. INFUSYSTEM, INC., et al.<br>2:19-cv-02473-JAR-TJJ<br>SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| **Event** | **Deadline/Setting** |
| Plaintiff's settlement proposal | **January 27, 2020** |
| Defendants' settlement counter-proposal | **February 10, 2020** |
| Jointly **filed** mediation notice (through CM/ECF), or confidential settlement reports **emailed** to magistrate judge ksd_james_chambers@ksd.uscourts.gov. | **February 18, 2020** |
| Mediation completed | **May 11, 2020** |
| ADR report due | **14 days after mediation is held** |
| Exchange documents identified in Rule 26(a) Initial Disclosures | **January 21, 2020** |
| Final supplementation of initial disclosures | **40 days before deadline for completion of all discovery** |
| All discovery completed | **July 31, 2020** |
| Experts disclosed by plaintiff | **April 13, 2020** |
| Experts disclosed by defendants | **May 11, 2020** |
| Rebuttal experts disclosed | **June 8, 2020** |
| Physical and mental examinations | **N/A** |
| Jointly proposed protective order submitted to court | **January 17, 2020** |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | **January 27, 2020** |
| Motions to dismiss | **February 7, 2020** |
| Motions to amend or join additional parties | **January 24, 2020** |
| All other potentially dispositive motions (e.g., summary judgment) | **September 8, 2020** |
| Motions challenging admissibility of expert testimony | **September 8, 2020** |
| Comparative fault identification | **N/A** |
| Proposed pretrial order due | **August 17, 2020** |
| Pretrial conference before Judge James – Courtroom 236 | **August 20, 2020 at 1:30 PM** |
| Jury Trial in Kansas City, KS before Chief District Judge Julie Robinson in courtroom 427. ETT 5 days. | **May 11, 2021 at 9:00 AM** |

1)      **Alternative Dispute Resolution (ADR).**

        After discussing ADR during the scheduling conference, the court has determined that

settlement of this case potentially would be enhanced by use of early mediation. Toward that

end, plaintiff must submit a good-faith settlement proposal to defendants by **January 27, 2020**.

Defendants must make a good-faith counter-proposal by **February 10, 2020**. By **February 18,**

**2020**, unless the parties have jointly filed a notice stating the full name, mailing address, and

telephone number of the person whom they have selected to serve as mediator, along with the

firmly scheduled date, time, and place of mediation, each party must submit a confidential

settlement report by e-mail to the undersigned U.S. Magistrate Judge (but <u>not</u> the presiding U.S.

District Judge) at _ksd_james_chambers@ksd.uscourts.gov_. These reports must briefly set forth

the parties' settlement efforts to date, current evaluations of the case, views concerning future

settlement negotiations, the overall prospects for settlement, and a specific recommendation

regarding mediation or any other ADR method. If the parties cannot agree on a mediator and any

party wishes the court to consider a particular mediator or other ADR neutral, then up to three

nominations may be provided in the confidential settlement reports; such nominations must

include a statement of the nominee's qualifications and billing rates, and confirmation that the

nominee already has pre-cleared all ethical and scheduling conflicts. These reports must <u>not</u> be

filed with the Clerk's Office.

        Mediation is ordered. Absent further order of the court, mediation must be held no later

than **May 11, 2020**. An ADR report must be filed by defense counsel within 14 days of any

scheduled ADR process, using the form located on the court's website:

_http://www.ksd.uscourts.gov/adr-report/_

2)      **Discovery.**

a)      The parties already have served their initial disclosures with regard to witnesses, exhibits, damage computations, and any applicable insurance coverage, as required by Fed. R. Civ. P. 26(a)(1).

The parties are reminded that, although Rule 26(a)(1) is keyed to disclosure of information that the disclosing party "may use to support its claims or defenses, unless solely for impeachment," the advisory committee notes to the 2000 amendments to that rule make it clear that this also requires a party to disclose information it may use to support its denial or rebuttal of the allegations, claim, or defense of another party. In addition to other sanctions that may be applicable, a party who without substantial justification fails to disclose information required by Fed. R. Civ. P. 26(a) or Fed. R. Civ. P. 26(e)(1) is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed. See Fed. R. Civ. P. 37(c)(1).

b)      Supplementations of those disclosures under Fed. R. Civ. P. 26(e) must be served at such times and under such circumstances as required by that rule. In addition, such supplemental disclosures must be served by **January 21, 2020**. In any event, final supplemental disclosures must be served no later than 40 days before the deadline for completion of all discovery. The supplemental disclosures served 40 days before the deadline for completion of all discovery must identify all witnesses and exhibits that probably or even might be used at trial. The opposing party and counsel should be placed in a realistic position to make judgments about whether to take a particular deposition or pursue follow-up "written" discovery before the time allowed for discovery expires. Should anything be included in the final disclosures under Fed. R.

4

Civ. P. 26(a)(3) that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto, the witness or exhibit probably will be excluded from offering any testimony under Fed. R. Civ. P. 37(c)(1).

c)      All discovery must be commenced or served in time to be completed by **July 31, 2020**. Under the December 1, 2015 amendments to the Federal Rules of Civil Procedure, the court reminds the parties and counsel that they are entitled to obtain pretrial discovery regarding any non-privileged matter *provided* it is (a) relevant to a party's claim or defense, AND (b) proportional to the needs of this case. Under Fed. R. Civ. P. 26(b)(1), whether any particular discovery is proportional is to be determined by considering, to the extend they apply, the following six factors:   (1) the importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.

d)      If expert testimony is used in this case, disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, must be served by plaintiff by **April 13, 2020**, and by defendants by **May 11, 2020**; disclosures and reports by any rebuttal experts must be served by **June 8, 2020**. The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the disclosures. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the

5

admissibility of the expert's proposed testimony. If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before filing any motion based on those objections.

e)     The parties agree that physical or mental examinations pursuant Fed. R. Civ. P. 35 are not appropriate in this case.

f)     The court considered the following discovery problem(s) raised by one or more of the parties:

- None anticipated at this time.

g)     Consistent with the parties' agreements as set forth in their planning conference report, electronically stored information (ESI) in this case will be handled as follows:

- The parties are aware of and agree to comply with the Court's Guidelines for Discovery of ESI. The parties shall confer and agree on the format in which they produce ESI and non-ESI. The parties will produce electronically stored information in an electronically stored format that is accessible to the receiving party.
- Additionally, the court instructed counsel to review the ESI Guidelines on the court's website and, if appropriate, to supplement in writing their agreement regarding preservation and production of ESI.

h)     Consistent with the parties' agreements as set forth in their planning conference report, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows:

- The parties will agree to a mutually acceptable order providing that privileged material that is inadvertently produced will be subject to a clawback agreement, and provide such proposed protective order to the Court for its consideration.

i)     To encourage cooperation, efficiency, and economy in discovery, and also to limit discovery disputes, the court adopts as its order the following procedures agreed to by parties and counsel in this case:

- The parties will first attempt to resolve discovery disputes by telephone calls between counsel.
- Depositions will be taken by mutual agreement.
- Papers will be served by e-mail on all counsel.
- The production of a privileged or work-product protected document does not waive the privilege as to other privileged/protected documents, and privileged/protected documents can be "clawed" back as soon as it is discovered they were produced without any need to show that the production was inadvertent.

j)      No party may serve more than 25 interrogatories, including all discreet subparts, on any other party.

k)      No more than 7 depositions may be taken by plaintiff, and no more than 7 depositions may be taken by defendants. Each deposition must be limited to 7 hours. All depositions must be governed by the written guidelines that are available on the court's website:

http://www.ksd.uscourts.gov/deposition-guidelines/

l)      Discovery in this case may be governed by a protective order. If the parties agree concerning the need for and scope and form of such a protective order, they must confer and then submit a jointly proposed protective order by **January 17, 2020**. This proposed protective order should be drafted in compliance with the guidelines available on the court's website:

http://ksd.circ10.dcn/wp-content/uploads/2018/01/PO-Guidelines-Form-Rev.-March-2019.docx

At a minimum, such proposed orders must include a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). A pre-approved form of protective order is included with the guidelines at the hyperlink shown above.

If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order must file an appropriate motion and supporting memorandum, with the proposed protective order attached, by **January 27, 2020**. The parties

7

and counsel are strongly encouraged to consider emailing the chambers of the undersigned magistrate judge for further guidance before filing such a motion.

m)   The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1. Accordingly, the parties are respectfully reminded that this court plans to strictly enforce the certification requirements of Fed. R. Civ. P. 26(g). Among other things, Rule 26(g)(1) provides that, by signing a discovery request, response, or objection, it is certified as (i) consistent with the applicable rules and warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action. If a certification violates these restrictions without substantial justification, under Rule 26(g)(3), the court *must* impose an appropriate sanction on the responsible attorney or party, or both; the sanction *may* include an order to pay the reasonable expenses, including attorney fees, caused by the violation. Therefore, *before* the parties and counsel serve any discovery requests, responses, or objections in this case, lest they incur sanctions later, the court *strongly* suggests that they carefully review the excellent discussion of Rule 26(g) found in *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354 (D. Md. 2008).

3)      **Motions.**

a)      Provided that such defenses have been timely preserved, any motions to dismiss asserting lack of personal jurisdiction, improper venue, insufficient process or service of process, failure to state a claim upon which relief can be granted, or the propriety of the parties, must be filed by **February 7, 2020**.

b)      Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **January 24, 2020**.

c)      All other potentially dispositive motions (e.g., motions for summary judgment), must be filed by **September 8, 2020**.

d)      Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested. Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good faith dispute. The parties should follow the summary-judgment guidelines available on the court's website:

*http://www.ksd.uscourts.gov/summary-judgment/*

e)      All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed by **September 8, 2020**.

f)      **If issues remain unresolved after the parties have complied with the "meet and confer" requirements applicable to discovery-related motions under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the parties and counsel are strongly encouraged to consider**

9

**calling or emailing the undersigned Magistrate Judge's chambers to arrange a telephone or in-person discovery conference before filing such a motion. But such a conference is not mandatory. For purposes of complying with the "meet and confer" requirements, the court construes the term "confer" to require more than mere e-mail communication. The parties, in person and/or through counsel, shall have verbal communications with each other; that is, they must actually talk with each other about their discovery disputes before filing a motion to compel or similarly related discovery motion.**

g)      Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the time for filing such a motion is extended for good cause shown. Otherwise, the objection to the default, response, answer, or objection is waived. *See* D. Kan. Rule 37.1(b). In the event a telephone or in-person discovery conference is held, if appropriate the court will adjust the deadline for filing a motion to compel.

h)      To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a). Nor does this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning experts' reports. *See* D. Kan. Rule 26.4(c).

i)      The arguments and authorities section of briefs or memoranda submitted must not exceed 30 pages, absent an order of the court.

4)      **Pretrial Conference, Trial, and Other Matters.**

a)      The parties agree that principles of comparative fault do not apply to this case.

b)      Pursuant to Fed. R. Civ. P. 16(e), an in person pretrial conference is scheduled for **August 20, 2020 at 1:30 PM** in Courtroom #236, Robert J. Dole United States Courthouse, 500 State Avenue, Kansas City, Kansas. The attorneys who have entered an appearance and pro se parties must attend the conference in person, unless at least 5 days prior to the conference they obtain leave to appear by telephone. Such leave will be freely granted upon appropriate request, by e-mailing Judge James' chambers at ksd_james_chambers@ksd.uscourts.gov. If counsel for any party or any pro se party is granted leave to participate by telephone, then all counsel and pro se parties will be notified by docket entry on the ECF System of the call-in number and all will be required to participate by phone in the conference at the scheduled time. Unless otherwise notified, the undersigned Magistrate Judge will conduct the conference.

No later than **August 17, 2020**, defense counsel must submit the parties' proposed pretrial order (formatted in Word) as an attachment to an e-mail sent to *ksd_james_chambers@ksd.uscourts.gov*. The proposed pretrial order must <u>not</u> be filed with the Clerk's Office. It must be in the form available on the court's website:

*http://www.ksd.uscourts.gov/flex/?fc=9&term=5062*

The parties must affix their signatures to the proposed pretrial order according to the procedures governing multiple signatures set forth in paragraphs II(C) of the *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases*.

c)      The parties expect the jury trial of this case to take approximately 5 trial days. The case will be tried in Kansas City, Kansas before Chief District Judge Julie Robinson. This case is

11

set for trial on the court's docket beginning on **May 11, 2021 at 9:00 AM**. Unless otherwise ordered, this is not a "special" or "No. 1" trial setting. Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket on which trial of the case actually will begin. The trial setting may be changed only by order of the judge presiding over the trial. The parties and counsel are advised that any future request for extension of deadlines that includes a request to extend the dispositive motion deadline will likely result in a new (i.e., later) trial date.

d)      The parties are not prepared to consent to trial by a U.S. Magistrate Judge at this time.

e)      This court, like the Kansas Supreme Court, has formally adopted the Kansas Bar Association's *Pillars of Professionalism* (2012) as aspirational goals to guide lawyers in their pursuit of civility, professionalism, and service to the public. Counsel are expected to familiarize themselves with the *Pillars of Professionalism* and conduct themselves accordingly when litigating cases in this court. The *Pillars of Professionalism* are available on this court's website:

*http://www.ksd.uscourts.gov/pillars-of-professionalism/*

This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated January 16, 2020, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge